IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ALTPASS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:21-cv-00797-ADA |
| | § | |
| GOOGLE LLC, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**MOTION TO DISMISS BY GOOGLE LLC FOR**
**FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6)**

**TABLE OF CONTENTS**

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.       Altpass Fails to State a Claim of Direct Infringement . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        A.       Altpass's Boilerplate, Conclusory Allegations Are Insufficient . . . . . . . . . . . . . . 2

        B.       Altpass Fails to Allege That a Single Actor Practices the Method Claims . . . . . . 4

II.      Altpass Fails to State a Claim of Indirect Infringement . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        A.       Altpass Cannot Combine Pre-Suit Conduct With Post-Suit Knowledge . . . . . . . . 6

        B.       Altpass Fails to Allege Specific Intent to Induce Infringement . . . . . . . . . . . . . . . 7

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## **TABLE OF AUTHORITIES**

*Cases* **Pages**

*Addiction & Detoxification Inst. LLC v. Carpenter*,
    620 Fed. App'x 934 (Fed. Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
    No. 13-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) . . . . . . . . . . . . . . . . . . . . . . 7

*Aro Manufacturing, Co., Inc. v. Convertible Top Replacement, Co. Inc.*,
    365 U.S. 336, 341 (1961). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Artrip v. Ball Corp.*,
    735 Fed. App'x 708 (Fed. Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 8

*Bot M8 LLC v. Sony Corp. of Am.*,
    4 F.4th 1342 (Fed. Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*De La Vega v. Microsoft Corporation*,
    No. 19-612, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) . . . . . . . . . . . . . . . . . . 2, 5, 6

*DSU Medical Corp. v. JMS Co. Ltd*,
    471 F.3d 1293 (Fed. Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Estech Sys., Inc. v. Regions Fin. Corp.*,
    No. 20-322 WL 6324321, at *2 (W.D. Tex. Oct. 28 2020) . . . . . . . . . . . . . . . . . . . . 2, 3

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Iron Oak Techs., LLC v. Acer Am. Corp.*,
    No. 17-143, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) . . . . . . . . . . . . . . . . . . . 6, 8

*Laguna Hermosa Corp. v. United States*,
    671 F.3d 1284 (Fed. Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.*,
    No. 18-1074, 2018 WL 10425908 (N. D. Tex. Oct. 9, 2018) . . . . . . . . . . . . . . . . . . 2, 3

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
    869 F.3d 1372 (Fed. Cir. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
    572 U.S. 915 (2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

## **TABLE OF AUTHORITIES**

*Cases (continued)* — **Pages**

*Lyda v. CBS Corp.*,
    838 F.3d 1331 (Fed. Cir. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

*NTP, Inc. v. Research In Motion, Ltd.*,
    418 F.3d 1282 (Fed. Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Parity Networks, LLC v. Cisco Sys., Inc.*,
    No. 19-207, 2019 WL 3940952 (W.D. Tex. July 26, 2019) . . . . . . . . . . . . . . . . . . 6

*Quanta Comput., Inc. v. LG Elecs., Inc.*,
    553 U.S. 617 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Ricoh Co. v. Quanta Comput. Inc.*,
    550 F.3d 1325 (Fed. Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Water Techs. Corp. v. Calco, Ltd.*,
    850 F.2d 660 (Fed. Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Zoltek Corp. v. United States*,
    672 F.3d 1309 (Fed. Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Statutes*

35 U.S.C. § 271(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

Defendant Google LLC files this Motion to Dismiss for Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6) and respectfully shows as follows:

## INTRODUCTION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Altpass' complaint fails this test. Its boilerplate, conclusory allegations largely repeat claim language, and fail to identify any actual infringing functionality. Separately, the complaint fails to allege that a single actor practices the asserted method claims, dooming its claims under two of the three patents-in-suit. Altpass fails to plead induced infringement of the same method claims. Failing to plead pre-suit knowledge of the patents, Altpass tries to combine pre-suit conduct with post-suit knowledge into a single claim, somehow alleging that Google's post-suit notice of the patents could retroactively taint pre-suit conduct. It cannot. Finally, Altpass fails to allege specific intent to induce infringement. For all these reasons, the Court should dismiss Altpass' complaint.

## BACKGROUND

On August 31, 2021, plaintiff Altpass, LLC ("Altpass") filed its complaint for patent infringement against defendant Google LLC ("Google"). The complaint alleges infringement of claim 1 of U.S. Patent No. 7,725,725; claims 1 and 3 of U.S. Patent No. 7,350,078, and claims 1 and 4 of U.S. Patent No. 8,429,415. Compl. ¶¶ 21-26, 34-37, 45-49. Altpass also alleges induced infringement of the '078 and '725 patents, but not the '415 patent. *Id.* ¶¶ 27-33, 38-44.

On September 16, 2021, Altpass filed an unopposed notice confirming the extension of Google's time to respond until November 1, 2021. Google now moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## ARGUMENT

I. **Altpass Fails to State a Claim for Direct Infringement**

   A. **Altpass' Boilerplate, Conclusory Allegations Are Insufficient**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not met unless the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *De La Vega v. Microsoft Corp.*, No. 19-612, 2020 WL 3528411, at *2 (W.D. Tex. Feb. 11, 2020) (quoting *Iqbal*, 556 U.S. at 678). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 668). Under this standard, courts dismiss claims "when the facts asserted do not give rise to a legal remedy, or do not elevate a claim for relief to the realm of plausibility." *Laguna Hermosa Corp. v. United States*, 671 F.3d 1284, 1287 (Fed. Cir. 2012) (citations omitted).

The *Twombly/Iqbal* "plausibility standard applies to direct infringement claims." *Artrip v. Ball Corp.*, 735 Fed. App'x 708, 714 n.4 (Fed. Cir. 2018) (citing *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1376-77 (Fed. Cir. 2017)). As this Court has explained, when a plaintiff seeks to plead direct infringement of a method claim, *Twombly* and *Iqbal* require, at minimum, that "the complaint must plead 'facts sufficient to allow a reasonable inference that all steps of the claimed method are performed.'" *De La Vega*, 2020 WL 3528411, at *4 (quoting *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2017)); *see Estech Sys., Inc. v. Regions Fin. Corp.*, No. 20-322, 2020 WL 6324321, at *2 (W.D. Tex. Oct. 28, 2020); *see also Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.*, No. 18-1074, 2018 WL 10425908, at *2 (N.D. Tex. Oct. 9, 2018)). "[A] plaintiff cannot assert a plausible claim under the

*Twombly/Iqbal* standard by reciting the claim elements and merely concluding that the accused product has those elements." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021).

Altpass cannot meet this standard. Its boilerplate allegations do not accuse any particular functionality, but instead repeat claim language and vague categories of technology such as a "password" or "PIN," even though the patents concede that passwords and PINs were well-known in the art. *See, e.g.*, Compl. ¶¶ 24, 36, 47; '078 patent at 6:28-35, '725 patent at 6:31-38, and '415 patent at 6:31-38. For example, regarding claim 1 of the '078 patent, the complaint asserts "the Google Pixel 4a"—the sole device Altpass accuses of infringement in the complaint—"performs a method for creating a signature for subsequent authentication" that "create signatures in the form of a password and a fingerprint that are used for subsequent authentication." Compl. ¶ 24. The phrases "creating signatures" and "subsequent authentication" appear in the claim, *see* '078 patent at 10:41-42, so Altpass' infringement allegations boil down to the claim that *something* on the accused device uses both "a password and a fingerprint," without specifying *what* or *how*. Compl. ¶ 24. For claim 3 of the '078, Altpass again repeats claim language, adding only vague references to a "pattern or PIN." *Id*. ¶ 25. Altpass' remaining allegations fare no better. Its allegations regarding claim 1 of the '725 patent similarly repeat claim language and add only vague references to "screen lock modes" and "a fingerprint, pattern, PIN or a password." *Id*. ¶ 36. Finally, and again similarly, Altpass' allegations regarding claim 1 of the '415 patent repeat claim language and add only vague references to "the unlock screen features such as password, pattern, PIN as well as fingerprint unlock." *Id*. ¶ 47. None of these allegations explain how or where any accused functionality performs the claimed steps. None of these allegations add to the claim language beyond references to "a fingerprint, pattern, PIN or a password" and to "locking" and "unlocking,"

which of course are intrinsic to "a fingerprint, pattern, PIN or a password," and thus add nothing to them. *Id.* All of these allegations fail to explain what Altpass alleges Google to infringe or how it allegedly does so.

Altpass "cannot assert a plausible claim under the *Twombly/Iqbal* standard by reciting elements and merely concluding that the accused product has those elements." *Bot M8 LLC*, 4 F.4th at 1353. That is precisely what Altpass attempts here. Because "case law leaves no doubt that inducement liability may arise 'if, but only if, [there is] . . . direct infringement,'" *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014) (quoting *Aro Manufacturing, Co., Inc. v. Convertible Top Replacement, Co., Inc.*, 365 U.S. 336, 341 (1961) (alteration in original)), the Court should dismiss the entirety of Altpass' complaint.

### B.  Altpass Fails to Allege That a Single Actor Practices the Method Claims

Altpass fails to allege that a single actor practices the method claims of the '078 and '725 patents. Because "direct infringement under 35 U.S.C. § 271(a) requires performance of all steps of a method patent to be attributable to a single party," *Limelight Networks*, 572 U.S. at 915, "a patented method may not be sold in the same way as an article or device." *Quanta Comput., Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 628 (2008). As a result, "a party that sells or offers to sell software containing instructions to perform a patented method does not infringe the patent under § 271(a)." *Ricoh Co. v. Quanta Comput. Inc.*, 550 F.3d 1325, 1335 (Fed. Cir. 2008). Importation of software also cannot infringe a method claim. *See NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1321 (Fed. Cir. 2005) ("for the same reasons that the jury could not have found that RIM infringed the method claims under the sale or offer for sale prongs, it could not have found infringement by importation"), *abrogated on other grounds*, *Zoltek Corp. v. United States*, 672 F.3d 1309, 1323 (Fed. Cir. 2012) (en banc). Thus Altpass' allegations

regarding the '078 and '725 patent method claims must rise or fall depending on whether Altpass can allege those steps are "attributable to a single party." *Limelight Networks,* 572 U.S. at 915.

It cannot.  Indeed, Altpass' complaint does the opposite, confirming that it cannot allege infringement of method claims "attributable to a single party." *Limelight Networks,* 572 U.S. at 915.  Altpass attempts to hide this flaw by couching its allegations in the passive voice, but it ultimately admits that its allegations require multiple actors.  For example, Altpass' allegations regarding the '078 patent assert that the *user* must "create signatures in the form of a password and a fingerprint," but the *device* must "request user input to begin recording a signature."  Compl. ¶ 24.  Similarly, Altpass' allegations regarding the '725 patent acknowledge that the *user* must make "a choice of screen lock pattern, PIN, or a password," which the *device* must recognize as "a type of data, such as password data, PIN data, pattern data or fingerprint data."  *Id*. ¶ 36.  As this Court explained in *De La Vega*, Altpass' admission is fatal to its assertion of these method claims.  Altpass "recognizes and addresses in [its] complaints" that the claims of the asserted patents "on [their] face plainly require[] at least multiple actors," making its allegations a "case of joint infringement." *De La Vega*, 2020 WL 3528411, at *4.  "Accordingly, to meet the *Twombly/Iqbal* pleading standard for joint infringement by the combined acts of multiple parties, the complaint must plead 'facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction and control' over the other's performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party.'"  *Id.* (quoting *Lyda*, 838 F.3d at 1339).  Despite all of this, and despite this Court's clear warning in *De La Vega*, "the Complaint alleges no facts to support a claim for joint infringement.  The Complaint fails to make even conclusory allegations of such direction, control, or joint enterprise, much less allege

any facts in support of the same." 2020 WL 3528411, at *4.  As in *De La Vega*, the remedy is dismissal.

## II.  Altpass Fails to State a Claim for Induced Infringement

### A.  Altpass Cannot Combine Pre-Suit Conduct With Post-Suit Knowledge

Altpass alleges only *post*-suit knowledge of any asserted patent, but points to *pre*-suit conduct to support its induced infringement allegations.  This mash-up claim cannot survive the law, and thus Altpass' allegations of induced infringement cannot survive this Motion.

"[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement" or at least "willful blindness" to the likelihood of infringement. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 769 (2011).  At the pleading stage, plaintiffs alleging induced infringement must assert facts showing that "once the defendants knew of the patent, they actively and knowingly aid[ed] and abett[ed] another's infringement." *DSU Medical Corp. v. JMS Co. Ltd*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (quoting *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988)).  "[T]he mere knowledge of possible infringement of a patent by others does not amount to inducement." *Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 17-143, 2017 WL 9477677, at *4 (W.D. Tex. Nov. 28, 2017) (citing *Global-Tech Appliances*, 563 U.S. at 2068).  Instead, a plaintiff's claim of induced infringement requires "'evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities.'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 19-207, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019) (quoting *DSU Med. Corp.*, 471 F.3d at 1306).

The complaint does not allege pre-suit knowledge or willful blindness, but claims only that Google "received actual notice" of the '078 and '725 patents "at least as early as the date of the filing of this Complaint."  Compl. ¶ 28, 39.  But the only conduct Altpass alleges in support

of induced infringement is that Google "provides manuals and support through its website https://support.google.com/pixelphone/answer/2824802?hl=en." *Id.* ¶¶ 31, 42. Altpass does not allege that Google provided these manuals and support with knowledge of the patents in suit. Given Altpass' allegations of post-suit knowledge, only a time machine would allow that knowledge to affect Google's pre-suit conduct. The complaint thus fails to assert that, "once defendant[] knew of the patent," it "actively and knowingly aid[ed] and abett[ed] another's" infringement. *DSU Medical*, 471 F.3d at 1305. Altpass cannot combine allegations of post-suit knowledge with allegations of pre-suit action to avoid the pleading requirements for induced infringement. *Cf. Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. 13-365, 2014 WL 2892285, at *4 (W.D. Tex. May 12, 2014) (where a "Court must speculate as to the extent and scope of Plaintiff's induced infringement claim," the "allegations are not sufficient to satisfy the pleading standard established in *Iqbal* and *Twombly*.").

### B. Altpass Fails to Allege Specific Intent to Induce Infringement

Even assuming that post-suit knowledge could affect pre-suit conduct, Altpass has failed to allege specific intent to induce infringement. Altpass alleges only that Google "provides manuals and support through its website," but does not explain how provision of those manuals supports Google's intent to infringe any patent. Compl. ¶¶ 31, 42. For example, Altpass alleges that Google "knows or should know that by providing such instructs [sic] and support" will cause its customers to "directly infringe" the method patents. *Id.* ¶¶ 31, 42. But Altpass fails to allege what portions of Google's website constitute infringement, how a user would rely on those portions to perform the required steps of any claim, or, most importantly, how those instructions would actually cause any infringement. Indeed, the sole link that Altpass provides, https://support.google.com/pixelphone/answer/2824802?hl=en, goes to a general privacy page.

*See* Compl. ¶¶ 31, 43.  The complaint thus provides no factual allegations as to what the infringing activities are that Google is allegedly inducing its customers to commit.

Such conclusory allegations cannot suffice.  In *Addiction & Detoxification Inst. LLC v. Carpenter*, 620 Fed. App'x 934 (Fed. Cir. 2015), the Federal Circuit affirmed dismissal of indirect infringement claims that "contain[ed] no allegations regarding intent or any specific acts caused by Defendants," and further affirmed denial of leave to amend to add claims "that Defendants acted 'with specific intent to urge, instruct, encourage' infringement by 'causing[,] urging, aiding, or instructing others to perform one or more claimed methods of the '411 patent, and acts which infringe one or more claims of the '411 patent' and that Defendants acted 'with specific intent to induce third parties to infringe the '411 patent.'"  *Id.* at 938 (alteration in original).  As the Court of Appeals explained, the deficient complaint "did not include facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement," but merely "recite[d] the legal conclusion that Defendants acted with specific intent."  *Id.; see also, e.g., Iron Oak Techs.*, 2017 WL 9477677, at *5 (finding reference to "Limited Warranty Agreement" did not "serve as sufficient factual support for the induced infringement claims" because it provided "no factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and plaintiff did not "explain in its complaint how the Warranty contains specific facts regarding Acer's intent to induce infringement") (citing *Twombly*, 550 U.S. at 557).  Altpass' cursory claims cannot plausibly support specific intent.  The Court should dismiss these claims for this reason as well.

## **CONCLUSION**

For the foregoing reasons, Google respectfully requests that the Court grant this motion and dismiss Altpass' complaint, and grant any further relief to which is just and proper.

Dated: November 1, 2021

Respectfully submitted,

*/s/ John P. Palmer*
John P. Palmer, State Bar No. 15430600
John A. "Andy" Powell, State Bar No. 24029775
Jacqueline P. Altman, State Bar No. 24087010
**NAMAN HOWELL SMITH & LEE, PLLC**
400 Austin Avenue, Suite 800
Waco, Texas, 76701
+1 (254) 755-4100
+1 (254) 754-6331 facsimile
palmer@namanhowell.com
powell@namanhowell.com
jaltman@namanhowell.com

Matthew S. Warren
Jennifer A. Kash (*pro hac vice* to be filed)
Erika Warren
**Warren Lex LLP**
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
21-079@cases.warrenlex.com

*Attorneys for Defendant Google LLC*

## **CERTIFICATE OF SERVICE**

In accordance with Fed. R. Civ. P. 5 and Local Rule CV-5, I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system on November 1, 2021.

*/s/ John P. Palmer*
John P. Palmer