IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **ALTPASS LLC,**<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>**GOOGLE LLC,**<br><br>　　　　　　　Defendant. | **Case No. 6:21-cv-00797-ADA**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS
COMPLAINT BY GOOGLE LLC FOR FAILUTRE TO STATE A CLAIM
UNDER FED. R. CIV. P. 12(b)(6)**

Plaintiff Altpass LLC ("Altpass") respectfully submits this Response in Opposition to Defendant Google LLC's ("Defendant") Motion to Dismiss for Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6) against Plaintiff (Dkt. No. 9) ("Motion") filed on November 1, 2021, as follows:

**I.      INTRODUCTION**

This is an action filed by Altpass against Defendant alleging direct infringement of U.S. Patent Nos. 7,350,078 ("the '078 Patent"), 7,725,725 ("the '725 Patent"), and 8,429,415 ("the '415 Patent") (collectively, the "Patents-in-Suit"); and induced infringement of the '078 Patent and the '725 Patent. Defendant's Motion should be denied as the Complaint contains sufficient factual allegations to put Defendant on notice as to what it is being accused of, including the who, what, when, where, and how related to the infringement allegations. Furthermore, it is unquestionable that Defendant continues to induce its resellers and end-users to infringe the '078 Patent and the '725 Patent, at least since Altpass filed this lawsuit. Finally, even if this Court finds the Complaint fails to meet the pleading requirements, Plaintiff should be granted leave to amend its pleading pursuant

1

to FED. R. CIV. P. 15(a). For these reasons, Defendant's Motion should be denied, or in the alternative, the Court should grant Plaintiff leave to amend its pleading.

## II.     ARGUMENTS AND AUTHORITIES

### A. Rule 12(b)(6) standard.

Under Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss a complaint that does not state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under Rule 8, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Federal Circuit has held that Rule 12(b)(6) motions are reviewed "under the law of the regional circuit." *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1346 (Fed. Cir. 2014). All that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545. As the United States Supreme Court has explained in both *Twombly* and *Iqbal*, Rule 8 does not require "detailed factual allegations" but merely that the complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678; *citing Twombly*, 550 U.S. at 555. The complaint must be facially plausible or contain enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing

2

court to draw on its judicial experience and common sense." *Id*. at 679. In addition, the court must accept "all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013). In deciding a Rule 12(b)(6) motion the court may consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Specific to direct infringement cases, a plaintiff is not required to plead infringement on an element-by-element basis. *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018). Instead, it is enough "that a complaint place[s] the alleged infringer on notice of what activity . . . is being accused of infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (quotation omitted); *see Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests") (quoting *Twombly*, 550 U.S. at 555).

## B. Defendant's Motion Should be Denied as the Complaint Sufficiently Alleges Direct Infringement Against Defendant.

### a. *Plaintiff Sufficient Alleges Direct Infringement Against Defendant.*

Defendant's Motion should be dismissed because the Complaint contains sufficient factual allegations to make a plausible claim for direct infringement of the Patents-in-Suit, identifying the direct infringers (Defendant and its end-users) and pleading sufficient factual allegations to show how each element of each asserted claim is met. As such, Defendant's Motion must be denied.

A claim for direct infringement is sufficient under *Iqbal/Twombly* when it identifies "where the alleged infringement occurred []; when it occurred []; who performed the

allegedly infringing act []; and why []." *Lifetime Indus., Inc.*, 869 F.3d at 1379 (Fed. Cir. 2017). Here, the Complaint contains more than sufficient factual allegations to put Defendant on notice as to what it is being accused of. For example, the Complaint clearly states that "Defendant, its resellers, and end-users have been and now are" infringing the asserted claims of the Patents-in-Suit. *See* Complaint at ¶¶ 23, 35, and 46. Furthermore, the Complaint specifically shows how Defendant, its resellers, and end-users perform the method of claims 1 and 3 of the '078 Patent.

> For example, the use of the Google Pixel 4a by Defendant, its resellers, or end-user customers, directly infringe claim 1 of the '078 Patent and performs a method for creating a signature for subsequent authentication (*i.e.*, they create signatures in the form of a password and a fingerprint that are used for subsequent authentication) comprising: indicating to a user commencement of signature input recording (*i.e.*, they request user input to begin recording a signature); recording user input signals by type (*i.e.*, a password, a pattern, a PIN and fingerprint) from at least one user-selected device among a plurality of selectable user input devices (*i.e.*, a touch screen and a fingerprint sensor that are built into the device), wherein a signal comprises a set of related software-recognizable data of the same type received from at least one input device (*i.e.*, the recorded data from the input signal is recognized as a type of data, such as fingerprint, password, pattern, or PIN data), and wherein at least one user-selectable input device affords recording a plurality of signal types (*i.e.*, the touch screen (user-selectable input device) is used to record a pattern, PIN, or password (a plurality of signal types)), and wherein a signal type comprises a category (*i.e.*, fingerprint, password, pattern, or PIN input), among a plurality of possible categories, of measurable variable input associated with at least one user-selectable input device (*i.e.*, the input such as unlock fingerprint, password, pattern or PIN contain measurable variations associated with the input device); terminating said recording; creating a signature based at least in part upon said recording; and storing said signature (*e.g.*, once the pattern signature is complete, the pattern signature data is stored).

Complaint, at ¶24. As shown above, the Complaint clearly shows how each element of the claim 1 of the '078 Patent are met. In addition, Plaintiff provided Exhibits A-1 through C-1 which contain screenshots showing further evidence of how Defendant, its resellers, and end-users meet each element of the asserted claim. *See* Ex. A-1. For example, Figures 3

and 4 of Exhibit A-1, reproduced below, show how the "signature for subsequent authorization" is created and stored for later retrieval, including indicating to the user to commence recording the signature, recording the signature by type such as a fingerprint, password, pin, or pattern, receiving data from the related input device such as the touchscreen or fingerprint reader, terminating the recording, and creating and storing the signature.

1. From a Home screen, swipe up to display all apps.
2. Navigate: **Settings** ⚙ > **Security** > **Screen lock**.
   → If prompted to add a Google account:
   ○ Tap **Add Google account now** to set up an account.
   ○ Tap **Continue** to proceed without setting up an account.
   → If presented, enter the current PIN, password or pattern.
3. Do one of the following:
   ○ Set up a screen lock:
      ▫ Pattern
      ▫ PIN
      ▫ Password
   ○ Disable screen lock:
      a. Tap 'None' or 'Swipe'.
      b. To confirm, tap **Yes, remove**.

**Pattern**

⌨ An unlock pattern is created to access the device.
1. Tap **Pattern**.
2. Draw an unlock pattern (connecting at least 4 dots) then tap **Next**.
3. Draw the same pattern again then tap **Confirm**.
4. If prompted, tap one of the following then tap **OK**:
   ○ Show all notifications
   ○ Hide sensitive notification content
   ○ Hide all notifications

Source: https://www.verizon.com/support/knowledge-base-228614/

Set up your first fingerprint
1. Open your phone's Settings app.
2. Tap **Security**.
3. Tap **Pixel Imprint**.
4. Follow the on-screen steps. If you don't already have a screen lock, you'll be asked to add a backup PIN, pattern, or password.
5. Scan your first fingerprint. Tips:
   • Put your finger on your phone's sensor (not its screen).
   • Hold your phone as you'd normally hold it when unlocking. For example, hold your phone with its screen facing you.

https://support.google.com/pixelphone/answer/6285273#zippy=%2Cset-up-your-first-fingerprint%2Cremove-rename-or-replace-your-fingerprints

Complaint at Ex. A-1, Figs. 3-4. As such, the Complaint clearly shows how the Defendant, its resellers, and end-users perform each element of claim 1 of the '078 Patent. The Complaint contains similar factual allegations and evidentiary support for each of the asserted claims of the '725 and 415 Patents. *See* Complaint at ¶¶ 36, 47, 48, and Exhibits B-1 and C-1. As such, it is clear that Plaintiff sufficiently pled all the elements that a direct infringement complaint requires under *Iqbal/Twombly* and as the Federal Circuit outlined in *Lifetime Indus., Inc.*

For the same reasons, Defendant's assertion that the Complaint "fail[s] to explain what Altpass alleges Google to infringe or how it allegedly does so" is baseless and should be rejected as such. Dkt. No. 9, p. 8. As shown above, Altpass explained in detail why Defendant has been and is now infringing the Patents-in-Suit. Even assuming *in arguendo*, that Altpass did not plead more details about what or how "something on the accused device uses both a password and a fingerprint," Dkt. No. 9, p. 7, such detail is not required at the pleading standard as Altpass does not have access to Defendant's source code now. *See Raytheon Co. v. Cray, Inc.*, 2017 U.S. Dist. LEXIS 56729, at *10 (E.D. Tex. Mar. 12, 2017) ("Cray maintains that the complaint [] contains no factual assertions about what specific components, features, or capabilities the accused products have, let alone how they allegedly infringe.… Such detail, however, is not required at the pleading standard, as numerous courts have held after Form 18 was eliminated."); *see also DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 469 n. 7 (D. Del. 2016) ("[I]t may not be possible for a plaintiff to describe its case-in-chief with particularity at the outset of litigation, without access to the accused method, the accused apparatus for reverse engineering, or confidential data such as source code.").

Defendant's Motion should be denied as the Complaint more than adequately states a claim for relief, making plausible factual allegations as to how the direct infringers—Defendant, its resellers, and end-users—meet each of the limitations, and going further to provide evidence showing how each element is met.  This is well beyond the pleading requirements set forth by *Twomlby* or *Lifetime Indus*. and Defendant's Motion should be denied on this basis alone. In contrast, Defendant's Motion would have this Court impose

pleading requirements which have rejected, especially in this case where Plaintiff does not have access to Defendant's source code.

### b. *Defendant Independently Practiced All the Steps of the Patents-in-Suit.*

Indeed, direct infringement under 35 U.S.C. § 271(a) requires all steps of a claimed method be performed by or attributable to a single entity. *See BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1379-81 (Fed. Cir. 2007). Contrary to Defendant's claim that Altpass "fails to allege that a single actor practices the method claims of the '078 and '725 patents," Dkt. No. 9, p. 8, Altpass clearly identified Defendant and its resellers and end-users as independently infringing the Patents-in-Suit. To support its argument, Defendant argued that "Altpass' allegations regarding the '078 patent "the *user* must create signatures in the form of a password and a fingerprint, but the *device* must request user input to begin recording a signature." Dkt. No. 9, p. 9 (quotation marks quoting the Complaint omitted). Defendant's entire argument rests on a faulty assumption that the use of a device to perform one or more steps of a method somehow creates an issue of divided infringement. This is counter to controlling law. For example, as the Federal Circuit noted in *Ericsson, Inc. v. D-Link Sys.*, 773 F.3d 1201, 1221-22 (Fed. Cir. 2014), here all of the steps are "performed on the end product, which is controlled by a third party." In this case, the steps are performed on the devices operating the software which Defendant provides, and which is in the control of Defendant, its resellers, and its end-users. As such, when the method is performed, the direct infringer is the entity in control of the device.

Here, Defendant directly infringed the method through testing and use of its own devices. For example, it is common sense, that before Defendant released its products, *e.g.*, Google Pixel 4a, to the market, it conducted extensive testing of the products. During this

testing process, Defendant would have independently and as a single entity performed all the steps of the claimed methods. Moreover, such testing is necessary for Defendant to draft the product user manuals, that thereby induce their customers to directly infringe as shown in Exhibit A-1 and Exhibit B-1 of the Complaint.

As such, it is undisputable that Altpass sufficient alleges direct infringement against Defendant.

### C. Altpass Sufficiently Plead Post Suit Induced Infringement.

Defendant's Motion must be denied as the Complaint more than adequately pleads a claim for post suit inducement based on Defendant's post suit activities.

A claim for inducement requires that the Complaint show: (1) The defendant knew of the asserted patent; (2) the defendant knowingly induced a third party to perform certain acts with the specific intent to induce the third party to directly infringe the patent; and (3) as a result of the defendants alleged inducement, the third party directly infringed the patent. *NCS Multistage v. TCO AS*, 2021 U.S. Dist. LEXIS 101261, at *7 (W.D. Tex. May 28, 2021) (J., Albright) (citing *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009)). Altpass' Complaint sufficiently satisfied all the elements.

#### a. Plaintiff Sufficiently Plead Post Suit Knowledge.

The Complaint more than sufficiently alleges that Defendant has had knowledge of the claims and asserted patents since "at least as early as the date of the filing of this Complaint." Complaint, at ¶¶28 & 39. This alone is sufficient to render Defendant's arguments moot. Altpass further alleged that Defendant's resellers and end-users' induced acts would amount to patent infringement by alleging that "[a]s of the filing of this complaint, Defendant's continued making, selling, and/or offering for sale the Accused

Instrumentalities and providing instruction manuals, advertisement of the infringing features, and support for the Accused Instrumentalities demonstrates Defendant's specific intent that its resellers and end-users directly infringe claims 1 and 3 of the '078 Patent [(claim 1 of the '725 Patent)]. Defendant is aware that such actions would induce actual infringement since at least the filing of this Complaint." Complaint, at ¶¶ 30 & 41. These allegations are more than sufficient as there is no pre-suit knowledge requirement to establish induced infringement for post suit infringement. *Opticurrent, LLC v. Power Integrations, LLC*, 2016 U.S. Dist. LEXIS 194970, at *6-7 (E.D. Tex. Oct. 19, 2016) (citation omitted); *see Groupon Inc. v. MobGob LLC*, 2011 WL 2111986, at *3 (N.D. Ill. May 25, 2011) (permitting induced infringement claims based on post-suit knowledge), *see also USC IP P'ship, L.P. v. Facebook, Inc.*, 2021 U.S. Dist. LEXIS 137424 (W.D. Tex. July 23, 2021) (J., Albright) (Court denied Defendant's Motion to Dismiss Plaintiff's post-suit indirect and willful infringement claims and allowed Plaintiff to amend its Complaint and re-plead pre-suit indirect and willful infringement claims if it is able to elicit sufficient facts during fact discovery to support such allegations.).

As such, it is clear that Altpass' Complaint satisfies the first element, that Defendant knew of the asserted patent.

### b. *The Complaint Sufficient Pleads Intent to Induce Infringement.*

The Complaint also clearly establishes that Defendant has knowingly induced a third party to perform certain acts with the specific intent to induce the third party to directly infringe the patent. For example, the Complaint states

> As of the filing of this complaint, Defendant's continued making, selling, and/or offering for sale the Accused Instrumentalities and providing instruction manuals, advertisement of the infringing features, and support for the Accused Instrumentalities demonstrates Defendant's specific intent

9

> that its resellers and end-users directly infringe claims 1 and 3 of the '078 Patent. Defendant is aware that such actions would induce actual infringement since at least the filing of this Complaint. Furthermore, Defendant remains aware that these normal and customary activities would infringe the '078 Patent.

Complaint, at ¶ 30; *see also id.* at ¶ 41. As such, Altpass unequivocally pled enough facts about Defendant knowingly induced a third party to perform certain acts with the specific intent to induce the third party to directly infringe the patent.

Defendant's assertion that Altpass did not plead "what portions of Google's website constitute infringement, how a user would rely on those portions to perform the required steps of any claim, or, most importantly, how those instructions would actually cause any infringement" is baseless. Dkt. No. 9, p. 11. Altpass repeatedly pled these facts in its Complaint. For example, Altpass incorporated Exhibit A-1 to demonstrate how "Defendant directly and/or through intermediaries, makes, uses, offers to sell, or sells computing devices with user-selectable signatures which infringe the '078 Patent." Complaint, at ¶22. Altpass incorporated Exhibit B-1 to demonstrate how "Defendant directly or through intermediaries, makes, uses, offers to sell, or sells devices that practice a computer-implemented process which infringe the '725 Patent." *Id.* at ¶34. These Exhibits are not merely general user manuals, but specific parts of the manual that induce Defendant's resellers and end-users to directly infringe the '078 Patent and the '725 Patent, like the example shows below:

**Device security**

- **Screen lock**
  Lock your phone with a PIN, pattern, or password. Learn how to set a screen lock.

- **Lock screen preferences**
  Choose which notifications show when your screen is locked. Learn how to control notifications..

- **Lockdown**
  Turn off notifications, fingerprint or face recognition unlocking, and Smart Lock while on your lock screen. Learn how to turn on lockdown.

- **Emergency information**
  Add text to your lock screen, like info to help someone return your phone if you lost it. Learn how to put a message on your lock screen.

- **Pixel Imprint**
  Use your fingerprint to unlock your phone and authorize purchases. Learn how to set up fingerprints.

- **Smart Lock**
  Set your device to stay unlocked in certain circumstances. Learn how to turn on Smart Lock.

Source: https://support.google.com/pixelphone/answer/2824802?hl=en

**FIG. 2**

Exhibit A-1, FIG. 2 and



**FIG. 1**

Exhibit B-1, FIG. 1.

Altpass further incorporated Exhibit A-1 and Exhibit B-1 when explaining how a user would rely on those portions to perform the required steps of claims and how those instructions would actually cause infringements. *See* Complaint, at ¶¶ 24 & 36. As such, it

is unquestionable that Plaintiff pled in detail what portions of Google's website constitute infringement, how a user would rely on those portions to perform the required steps of any claim, or, most importantly, how those instructions would actually cause any infringement. Given this, Defendant's Motion must be denied as the Complaint more than adequately alleges that as of the filing of the Complaint, Defendant has intended to induce its customers to infringe the asserted claims.

### c. *Altpass Sufficiently Plead that as a Result of the Defendant's Inducement, Its Resellers, and End-User Customers Directly Infringed the '078 Patent and the '725 Patent*

Finally, the Complaint more than adequately alleges that the third party directly infringed the patent. *NCS Multistage*, 2021 U.S. Dist. LEXIS 101261, at *7. "Based on the pleadings in this case, it can be inferred that customers put the device to use and allegedly directly infringed the patent." *Id*. at *14.

As explained in detail above, it is common sense that after purchasing Defendant's products, Defendant's end-user customers would follow Defendant's instructions, *i.e.*, its manual (Exhibit A-1 and Exhibit B-1 of the Complaint), to perform all the steps of the method[1]. As Altpass pled, "Defendant's affirmative act of providing instruction manuals, advertisement of the infringing features, and support for the Accused Instrumentalities induces Defendant's resellers and end users to use the Accused Instrumentalities in their normal and customary way to directly infringe claims 1 of the '078 Patent [('725 Patent)]." Complaint, at ¶¶ 24 & 40. Altpass further pled in detail how the use of the Defendant's product by Defendant's end-user customers would directly infringe claims of the '078

---

[1] The same type of common sense also holds true regarding Defendant's resellers as they would need to demonstrate how to perform all the steps to Defendant's end-user customers, pursuant to Defendant's manual. *See e.g.*, Exhibit A-1, FIG. 3 and Exhibit B-1, FIG. 2 where Verizon provided instructions to customers.

Patent and the '725 Patent. Complaint, at ¶¶ 24 & 36. As such, the Complaint more than adequately alleges that Defendant's customers directly infringed the '078 Patent and the '725 Patent.

Given that the Complaint more than adequately pleads a claim for post suit inducement, Defendant's Motion must be denied.

### D. Even If This Court Finds the Complaint Fails to Meet the Pleading Requirements, Plaintiff Should Be Granted Leave to Amend Its Pleading.

Assuming, *in arguendo*, that this Court finds that the Complaint fails to meet the pleading requirements, Plaintiff should be granted leave to amend its pleading pursuant to FED. R. CIV. P. 15(a).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case."); *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (Internal citation omitted)).

As such, should this Court find the Complaint fails to meet the pleading requirements, it still should grant Plaintiff leave to amend its pleading pursuant to FED. R. CIV. P. 15(a).

### III. CONCLUSION

For these reasons, the Court should deny Defendants' Motion. In the alternative, Plaintiff should be granted leave to amend its pleading.

DATED November 29, 2021.					Respectfully submitted,

By: */s/ Stevenson Moore*
Neal G. Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com
**Ni, Wang & Massand, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of November, 2021, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Stevenson Moore*
Stevenson Moore