**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| ALTPASS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:21-cv-00797-ADA |
| | § | |
| GOOGLE LLC, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**REPLY IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT
<u>GOOGLE LLC FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(B)(6)</u>**

## <u>TABLE OF CONTENTS</u>

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

I.      Altpass Fails to State a Claim of Direct Infringement . . . . . . . . . . . . . . . . . . . . . . . . . 1

        A.      Altpass' Arguments Confirm Its Failure to Plead Infringement . . . . . . . . . . . . . 1

        B.      Altpass Fails to Allege That a Single Actor Practices the Method Claims . . . . . .  3

II.     Altpass Failed to Plead Induced Infringement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        A.      Altpass Cannot Combine Pre-Suit Conduct With Post-Suit Knowledge . . . . . . . . 5

        B.      Altpass Did Not Sufficiently Allege Google's Specific Intent . . . . . . . . . . . . . . . 5

III.    Google Does Not Oppose Leave to Amend . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**TABLE OF AUTHORITIES**

*Cases*                                                                    **Pages**

*Addiction & Detoxification Inst. LLC v. Carpenter,*
    620 Fed. App'x 934 (Fed. Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3, 5

*Bot M8 LLC v. Sony Corp. of Am.,*
    4 F.4th 1342 (Fed. Cir. 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Core Wireless Licensing S.A.R.L. v. Apple Inc.,*
    No. 14-751, 2015 WL 5000397 (E.D. Tex. June 3, 2015) . . . . . . . . . . . . . . . . . . . . . . . 7

*Cont'l Auto. Sys., Inc. v. Avanci, LLC.,*
    485 F. Supp. 3d 712, 725 (N.D. Tex. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Davis v. DRRF Tr.,*
    No. 15-0880, 2016 WL 8257126 (W.D. Tex. Jan. 6, 2016) . . . . . . . . . . . . . . . . . . . . . . 3

*De La Vega v. Microsoft Corporation,*
    No. 19-612, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) . . . . . . . . . . . . . . . . . . . . 4, 5

*DSU Medical Corp. v. JMS Co. Ltd,*
    471 F.3d 1293 (Fed. Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Ericsson, Inc. v. D-Link Systems,*
    773 F.3d 1201 (Fed. Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*In re Enron Corp. Sec., Derivative & ERISA Litig.,*
    761 F. Supp. 2d 504 (S.D. Tex. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Iron Oak Techs., LLC v. Acer Am. Corp.,*
    No. 17-143, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) . . . . . . . . . . . . . . . . . . . . . 6

*Lifetime Indus., Inc. v. Trim-Lok, Inc.,*
    869 F.3d 1372 (Fed. Cir. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Nalco Co. v. Chem-Mod, LLC,*
    883 F.3d 1337 (Fed. Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*SiRF Tech., Inc. v. Int'l Trade Comm'n,*
    601 F.3d 1319 (Fed. Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## <u>TABLE OF AUTHORITIES</u>

*Cases (continued)*                                                        **Pages**

*Vita-Mix Corp. v. Basic Holding, Inc.,*
    581 F.3d 1317 (Fed. Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Yager v. Stroman,*
    No. 17-217, 2020 WL 2615759 (W.D. Tex. May 22, 2020). . . . . . . . . . . . . . . . . . 3, 6

*Water Techs. Corp. v. Calco, Ltd.,*
    850 F.2d 660 (Fed. Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Statutes and Rules*

Fed. R. Civ. P. 15(a)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

L.R. CV-15(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## INTRODUCTION

Altpass filed a fatally flawed complaint, and its opposition brief merely confirms its previous pleading failures.  Altpass' boilerplate claims of direct infringement failed to provide notice of its claims; its opposition brief seeks to reword its allegations, but succeeds only in confirming their original deficiencies.  Altpass failed to identify a single actor that allegedly performed the method claims; its opposition brief triples down on this failure, relying on *three* actors—"Defendant, its resellers, and its end-users"—it claims must somehow perform a single method.  Altpass' claims of induced infringement depended on the assumption that *post*-suit knowledge of a patent could cause *pre*-suit conduct; its opposition brief fails to explain how this assumption could be possible without a time machine.  Altpass' complaint failed to allege specific intent to induce infringement, depending instead on boilerplate claims; again, its opposition brief does not defend its claims but seeks to reword them, succeeding only in confirming their original deficiencies.  Finally, Altpass seeks leave to amend, which Google does not oppose.

The law requires a well-pleaded complaint, compliant with *Twombly* and *Iqbal*.  Altpass has failed this test.  The Court should dismiss Altpass' complaint.

## ARGUMENT

I.    **Altpass Fails to State a Claim of Direct Infringement**

   A.    **Altpass' Arguments Confirm Its Failure to Plead Infringement**

Altpass' "boilerplate allegations do not accuse any particular functionality, but instead repeat claim language and vague categories of technology such as a 'password' or 'PIN,' even though the patents concede that passwords and PINs were well known in the art."  Mot. at 3

(citing Compl. ¶¶ 24, 25, 36, 47).  Altpass "recit[es] the claim elements and merely conclud[es] that the accused product has those elements," and therefore fails to assert a plausible claim for infringement under the *Iqbal/Twombly* standard, dooming its complaint.  *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021); *see* Mot. at 2-4.

Altpass' opposition does not address any of these arguments, but instead recites paragraph 24 of the complaint and baldly states that, "[a]s shown above, the Complaint clearly shows how each element of the claim 1 of the '078 Patent are met."  Opp. at 4.  But Google explained why paragraph 24 was insufficient, *see* Mot. at 3-4, and Altpass cannot avoid these failures by combining *res ipsa loquitur* with *ipse dixit*.

Altpass next tries to rewrite its allegations, but only confirms the failures of its complaint. Altpass notes that it "provided Exhibits A-1 through C-1" as attachments to its complaint, and argues that "Figures 3 and 4 of Exhibit A-1" together "show how the 'signature for subsequent authorization' is created and stored for later retrieval, including indicating to the user to commence recording the signature, recording the signature by type such as a fingerprint, password, pin, or pattern, receiving data from the related input device such as the touchscreen or fingerprint reader, terminating the recording, and creating and storing the signature."  Opp. at 4-5.  Altpass' opposition brief thus, for the first time, attempts to tie two specific figures showing specific functionality to a specific portion of the claim—something its complaint never does or even approaches.  *See* Mot. at 2-4.  Instead, the complaint merely repeats claim language and vague categories of technology, ending each paragraph with a broad citation such as "*See* Ex. A-1, Figs. 1-14."  Compl. ¶ 24.  Altpass cannot avoid the deficiencies in its boilerplate complaint by adding a citation to lengthy and otherwise unexplained exhibits; doing so is no more than

"reciting the claim elements and merely concluding that the accused product has those elements," and thus cannot suffice.  *Bot M8*, 4 F.4th at 1353.

Altpass declined to amend its complaint after Google's motion, *see* Fed. R. Civ. P. 15(a)(1)(B), L.R. CV-15(a); having made this choice, it cannot now raise "new claims or theories of liability presented for the first time in a plaintiff's response" to a motion to dismiss.  *Yager v. Stroman*, No. 17-217, 2020 WL 2615759, at *10 (W.D. Tex. May 22, 2020) (citing *Davis v. DRRF Tr.*, No. 15-880, 2016 WL 8257126, at *3 (W.D. Tex. Jan. 6, 2016)).  "[I]t is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss."  *Cont'l Auto. Sys., Inc. v. Avanci, LLC*, 485 F. Supp. 3d 712, 725 (N.D. Tex. 2020) (quoting *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F. Supp. 2d 504, 566 (S.D. Tex. 2011)).  Altpass' opposition brief thus confirms the failures of pleading in its complaint.[1]

### B.      Altpass Fails to Allege That a Single Actor Practices the Method Claims

Altpass acknowledges that the law "requires all steps of a claimed method be performed by or attributable to a single entity," Opp. at 7, and then promptly admits it cannot meet this test. Altpass first cites a single case, *Ericsson, Inc. v. D-Link Systems*, where "all of the steps are 'performed on the end product, which is controlled by a third party.'"  Opp. at 7 (quoting 773

---

[1] Altpass cites *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372 (Fed. Cir. 2017), but that case supports Google's motion.  In *Lifetime*, the "district court determined that Lifetime had adequately identified the accused product," but found that it "had not adequately pleaded" infringement by the defendant.  *Id.* at 1376.  The Court of Appeals disagreed, finding that the plaintiff "identified where the alleged infringement occurred" as well as "when it occurred" and "who performed the allegedly infringing act" and "why," while also pleading "other facts supporting its allegations as well."  *Id.* at 1379.  Here, Altpass has neither "adequately identified the accused product" nor provided any of the information noted by the *Lifetime* Court.  *Id.* at 1376; *see* Mot. at 2-4; *see also supra*.  Finally, Altpass cites *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018), *see* Opp. at 3, but in *Nalco* the defendants did not "challenge that Nalco met the notice requirement of FRCP Rule 8 or the pleading standard required under *Twombly* and *Iqbal*."  *Id.* at 1347-48.  *Nalco* has no bearing here.

– 3 –

F.3d 1201, 1221-22 (Fed. Cir. 2014)).  This language in *Ericsson* distinguished a previous case, *SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319 (Fed. Cir. 2010), where method claims "required some, but not all, of the steps of the claim to be executed by a satellite, which was controlled by the accused infringers," and the "remaining steps were then automatically performed by the accused GPS products, which were in possession of the end users." *Ericsson*, 773 F.3d at 1221 (citing *SiRF*, 601 F.d at 1329-30).  As a result, the claims in *SiRF* did "not require that any of the steps be performed here by the customers or the end users." *Id.* at 1329. But Altpass' complaint specifically alleges that some (but not all) of the steps *are* "performed here by the customers or the end users," *see* Mot. at 4-6, and thus cannot claim infringement by a single actor.  Altpass' opposition confirms this flaw, by claiming that, "[i]n this case, the steps are performed on the devices operating the software which Defendant provides, and which is in the control of Defendant, its resellers, and its end-users." Opp. at 7.  Altpass claims that "the direct infringer is the entity in control of the device," but identifies three groups—"Defendant, its resellers, and its end-users"—all of which it claims control the device. *Id.*  Again, Altpass' opposition confirms the deficiencies in its own complaint.

Finally, Altpass claims it is "common sense" that Google must have "conducted extensive testing of the products" and that, during the "testing process, Defendant would have independently and as a single entity performed all the steps of the claimed methods." Opp. at 7-8.  Again, however, Altpass highlights the failures in its complaint.  The complaint does not explain how Google allegedly infringed any claim through testing; indeed, the words "test" and "testing" never appear in the complaint.  As this Court explained in *De La Vega v. Microsoft Corp.*, because the complaint is "completely silent" on how "Google could have directly

infringed claim 1 during testing," its allegations do not "even rise to the level of containing 'labels and conclusions, and a formulaic recitation of the elements of a cause of action' that are insufficient under *Twombly*."  *De La Vega*, No. 19-612, 2020 WL 3528411, at *5 (W.D. Tex. Feb. 11, 2020).  Altpass' complaint is worse than the complaint in *De La Vega*:  there, the complaint alleged "that Defendants infringed by testing the accused instrumentalities in a boilerplate manner," *id.*; the complaint here did not even do that.

## II.  Altpass Failed to Plead Induced Infringement

### A.  Altpass Cannot Combine Pre-Suit Conduct With Post-Suit Knowledge

Altpass asserts only *post*-suit knowledge of any asserted patent, but points to *pre*-suit conduct to support its induced infringement allegations, requiring a time machine for Google's later knowledge to cause its former conduct.  Mot. at 6-7.  In response, Altpass attacks a straw man, claiming that its allegation of post-suit knowledge "is sufficient to render Defendant's arguments moot."  Opp. at 8; *see id.* at 8-9.  But Altpass does not address Google's actual argument, which is that *pre*-suit actions cannot "*actively* and *knowingly* aid[] and abet[] another's infringement" when Altpass alleges only *post*-suit knowledge of the patents.  *DSU Medical Corp. v. JMS Co., Ltd.,* 471 F.3d, 1293, 1305 (Fed. Cir. 2013) (emphasis in original) (quoting *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988)); *see* Mot. at 6-7.  This flaw in Altpass' complaint, unrebutted by Altpass, dooms its allegations of indirect infringement.

### B.  Altpass Did Not Sufficiently Allege Google's Specific Intent

Finally, and assuming that post-suit knowledge could affect pre-suit conduct, Altpass nevertheless failed to allege specific intent to induce infringement.  As Google explained in its motion, Altpass' complaint provided a single link, which goes "to a general privacy page," and

thus could not "serve as sufficient factual support for the induced infringement claims" because it provided "no factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Mot. at 8; *Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 17-143, 2017 WL 9477677, at *5 (W.D. Tex. Nov. 28, 2017).  In response, Altpass' opposition points to paragraphs 30 and 41 of the complaint, which are pure boilerplate, and seeks to combine them with cherry-picked portions of the complaint and exhibits to craft new allegations of indirect infringement that appear nowhere in the complaint.  *See* Opp. at 9-12. Once again, Altpass' opposition serves only to confirm the failures in its complaint.  Altpass cannot raise "new claims or theories of liability presented for the first time" in its opposition, *Yager*, 2020 WL 2615759, at *10; *see supra* § I.  The actual allegations of indirect infringement in Altpass' complaint, including boilerplate paragraphs 30 and 41, "contains no allegations regarding intent or any specific acts caused by Defendants," requiring their dismissal.  *Addiction & Detoxification Inst. LLC v. Carpenter*, 620 Fed. App'x 934, 938 (Fed. Cir. 2015).[2]

Even if Altpass could retroactively reword its complaint to match its opposition, it would still be insufficient.  When a plaintiff merely "points to the product instructions and the design of the device to support an inference of intent," the Court of Appeals has confirmed that "the record is devoid of actual evidence establishing specific intent to encourage customers to infringe." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009).  "[G]eneric allegations that an alleged infringer provides instructional materials along with the accused products, without more, are insufficient to create a reasonable inference of specific intent for the

---

[2] Altpass also claims "it is common sense that after purchasing Defendant's products," end users will infringe the claims.  Opp. at 13.  But Altpass' complaint fails to assert any direct infringement at all, *see* Mot. 2-6, *supra* § I; Altpass cannot make up for this failure by intoning the words "common sense."

purposes of an induced infringement claim." *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 14-751, 2015 WL 5000397, at *4 (E.D. Tex. June 3, 2015), *report and recommendation adopted*, No. 14-751, 2015 WL 13885437 (E.D. Tex. July 15, 2015).  Even as reworded in its opposition, Altpass' allegations merely "point[] to the product instructions and the design of the device to support an inference of intent," *Vita-Mix Corp.*, 581 F.3d at 1328, failing to plead proper allegations of induced inducement.

## III.    Google Does Not Oppose Leave to Amend

In its opposition, Altpass asks that "should this Court find the Complaint fails to meet the pleading requirements, it still should grant Plaintiff leave to amend its pleading."  Opp. at 14. Google does not oppose Altpass' request for leave to amend its complaint.

## CONCLUSION

For the reasons above and those in its motion, Google respectfully requests that the Court grant its motion to dismiss Altpass' complaint, and grant any further relief which is just and proper.

Date:  December 13, 2021

Respectfully submitted,

*/s/  John P. Palmer*
John P. Palmer, State Bar No. 15430600
John A. "Andy" Powell, State Bar No. 24029775
Jacqueline P. Altman, State Bar No. 24087010
**NAMAN HOWELL SMITH & LEE, PLLC**
400 Austin Avenue, Suite 800
Waco, Texas, 76701
+1 (254) 755-4100
+1 (254) 754-6331 facsimile
palmer@namanhowell.com
powell@namanhowell.com
jaltman@namanhowell.com

Matthew S. Warren
Jennifer A. Kash *(pro hac vice to be filed)*
Erika Warren
**Warren Lex LLP**
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
21-079@cases.warrenlex.com

*Attorneys for Defendant Google LLC*

## CERTIFICATE OF SERVICE

I certify that on December 13, 2021, I served the foregoing by notice of electronic filing on counsel of record registered as CM/ECF users.

*/s/  John P. Palmer*
John P. Palmer